CARRASQUILLO *v.* EL REGISTRADOR DE LA PROPIEDAD.

RECURSO gubernativo contra nota del Registrador de la Propiedad de San Juan, Sección 1ª.

No. 92.—Resuelto en abril 3, 1911.

INSCRIPCIÓN—FALTA DE EXPRESIÓN DE LA MEDIDA SUPERFICIAL—DEFECTO SUBSANABLE.—La falta de expresión en el título, de la medida superficial de la finca, constituye un defecto subsanable que debe hacerse constar en su inscripción en el registro de la propiedad.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. Raul Benedicto.*

EL JUEZ ASOCIADO SR. MACLEARY, emitió la opinión del tribunal.

Este es un recurso gubernativo interpuesto contra la negativa del registrador a inscribir, sin consignar un defecto subsanable, cierta escritura de agrupación y edificación presentada con ese objeto el 11 de enero pasado. La resolución del registrador dice así:

"Inscrito el precedente documento al folio 24 del tomo 8º. de Sant. Sud, finca 307, inscripción primera, con el defecto subsanable de no expresarse la medida superficial de la finca. San Juan, enero 23, 1911."

Este caso es exactamente igual al de *Pascasia González v. El Registrador de San Juan,* Sección Primera, que fué resuelto por este tribunal el 20 de febrero pasado; con esta

diferencia insignificante, que en aquel caso el registrador denegó del todo la inscripción del documento por el defecto subsanable de que el documento no expresaba la medida superficial de la finca vendida, y en este caso, aunque se hizo la inscripción, se consignó el defecto subsanable.

La opinión emitida en el caso de González, antes mencionado, claramente establece que la omisión de expresar en el documento presentado la medida superficial de la finca no es razón para denegar la inscripción de la misma, y que debe hacerse la inscripción haciendo constar el defecto. Esto es exactamente lo que el registrador hizo en el presente caso, y el apelante no tiene motivo para quejarse de su resolución en el caso, puesto que aquel oficial ha seguido las instrucciones anteriormente dadas por este tribunal.

Aprobamos la opinión en el caso de González antes mencionado, en todas sus partes, y especialmente en el último párrafo en el que se dice en efecto: ''Comprendemos la conveniencia de que en todas las inscripciones aparezca la medida superficial, para que de ese modo queden bien identificados los inmuebles y se eviten fraudes que facilita la omisión de tal circunstancia; pero como la ley sólo exige que conste en la inscripción la cabida de la finca, cuando ese dato resu'te del título presentado, nosotros no podemos ir contra la incontestable claridad de la ley, a la cual debemos dar estricta aplicación, reservando al poder legislativo la revocación o modificación de la misma.'' Es evidente que la Legislatura muy bien podría decretar que toda escritura de traspaso, y otros documentos semejantes, debieran hacer constar claramente la cabida superficial de la finca de que se trata.

Por las razones consignadas, debemos confirmar la resolución, en el presente caso, del Registrador de la Propiedad de San Juan, Sección Primera.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados, Wolf, del Toro y Aldrey.